UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,
vs.

SOFIA SUBWAY CORP.
d/b/a Subway #52931 at 2962 SW 8 Street and
8TH STREET SHOPPING CENTER LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Sofia Subway Corp. doing business as a Subway restaurant franchise located at 2962 SW 8 Street and Defendant 8th Street Shopping Center LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Sofia Subway Corp. (also referenced as "Defendant Sofia," "operator," or "lessee") is a Florida for-profit corporation and a franchise operator of the Subway fast-food restaurant franchise located at 2962 SW 8 Street, Miami, Florida 33135, which is the subject of this action.

6. Defendant 8th Street Shopping Center LLC, a Florida limited liability company (also referenced as "Defendant 8 Street Shopping Center," "lessor," or "owner") is the owner of real property identified as Folio 01-4109-050-0010, which represents a commercial community shopping center with postal address of 2960 SW 8 Street, Miami, Florida 33135. This community shopping center address also encompasses the 2962 SW 8 Street address. Defendant 8 Street Shopping Center's real property is community shopping center which is subdivided into commercial space which it leases out to the Labelle Beauty Academy, South Beach Beauty Supply, and a Don Pan Bakery.

## FACTS

7. Defendant 8 Street Shopping Center leases a portion of its 2962 SW 8 Street

2

community shopping center to Defendant Sofia whom in turn operates its franchise Subway restaurant within that leased space.

8. At all times material hereto, Defendant Sofia has been leasing commercial space from Defendant 8 Street Shopping Center and has been utilizing that commercial space for the operation of its franchised Subway restaurant.

9. Defendant Sofia's franchised Subway restaurant serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as "[A] restaurant, bar, or other establishment serving food or drink." The Subway restaurant which is the subject to this action is also referred to as "Subway (restaurant)," "Subway on 8 Street," "restaurant," or "place of public accommodation."

10. Subway brand fast-food restaurants are franchised restaurants that primarily sell submarine sandwiches, salads and beverages. The Subway brand has been franchised since 1974. As of June 2021, Subway had approximately 41,600 independently owned (franchised) restaurant locations in 104 countries and territories. These locations are largely concentrated in North America with 21,796 in the United States, 758 in Mexico and 2,881 in Canada.

11. As the franchisee owner/operator of a Subway fast-food restaurant open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

12. As the owner of a community shopping center part of which is built out as a fast-food restaurant open to the general public, Defendant 8 Street Shopping Center is also

defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

13. Due to the close proximity of the Subway restaurant to Plaintiff's home, on June 5, 2022, Plaintiff went to that Subway restaurant with the intent of purchasing a subway sandwich meal and to test for compliance with the ADA/ADAAG.

14. Plaintiff had occasion to use the restroom and while in the restroom encountered multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

15. While Plaintiff had purchased a sandwich meal at the Subway restaurant, Plaintiff left feeling excluded, humiliated and dejected.

16. Plaintiff has been denied full and equal access by the operator of the Subway restaurant (Defendant Sofia) and by the owner of the community shopping center which houses the restaurant (Defendant 8 Street Shopping Center).

17. On information and belief, as a franchise operator of a Subway restaurant, Defendant Sofia is well aware of the need to provide equal access to individuals with disabilities. Defendant Sofia's failure to reasonably accommodate individuals with disabilities at its franchised Subway restaurant is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

18. On information and belief, as an investor/owner of a community shopping center open to the public Defendant 8 Street Shopping Center is aware of the ADA and the need to provide for equal access within its community shopping center which are open to the public. Therefore, Defendant 8 Street Shopping Center's failure to reasonably

4

accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

19. Based on the herein delineated impediments to access, Plaintiff has been denied full and equal access by the operator of that restaurant (Defendant Sofia) and by the owner of the community shopping center which houses the restaurant (Defendant 8 Street Shopping Center).

20. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

21. Plaintiff continues to desire patronize and/or test the Subway restaurant to purchase a meal, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to barriers to access within that Subway restaurant, all which are in violation of the ADA.

22. Any and all requisite notice has been provided.

23. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

**COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

24. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public

5

accommodations and places of public accommodation to have failed to comply with the legislation.

    25.    Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

    26.    Prior to the filing of this lawsuit, Plaintiff personally visited the Subway restaurant located at 2962 SW 8 Street to purchase a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access when utilizing the restroom which is provided for the use of the public. Therefore, Plaintiff has suffered an injury in fact.

    27.    Defendant Sofia and Defendant 8 Street Shopping Center have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Subway restaurant located at 2962 SW 8 Street, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

28. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Subway restaurant located at 2962 SW 8 Street.

29. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

30. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

31. The community shopping center which is owned by Defendant 8 Street Shopping Center houses a Subway restaurant franchise (operated by Defendant Sofia) which is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.* Both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Sofia (lessee/operator) and Defendant 8 Street Shopping Center (owner/lessor) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 and 2010 ADA Standards for Accessible Design. Section 4.13.11(2)(b) states that states that the maximum force for pushing or pulling open

7

an interior hinged door is 5 lbs. (22.2N). 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

ii. As to Defendant Sofia (lessee/operator) and Defendant 8 Street Shopping Center (owner/lessor) (jointly and severally), Plaintiff had difficulty locking the stall door, as the locking hardware is non-compliant and requires grasping and turning of the wrist to operate. Failure to provide door hardware which is accessible to the disabled is a violation of the ADAAG and the 2010 ADA Standards for Accessible Design. Handles, pulls, and latches must have hardware in a shape that is easy to grasp with one hand as required by 28 C.F.R., Part 36 Section 4.13.9 and Section 4.27.4 which require controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs. Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that door hardware must be operable with a closed fist or a loose grip and Section 309.4 states that operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds.

iii. As to Defendant Sofia (lessee/operator) and Defendant 8 Street Shopping Center (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the

8

        rear wall. This is a violation of Section 4.16.4 Figure 29(b) of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design. Section 604.5.1 states that the side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

iv. As to Defendant Sofia (lessee/operator) and Defendant 8 Street Shopping Center (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted too high. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.1 and 609.4 of the 2010 ADA Standards for Accessible Design. Section 609.4 states that grab bars shall be 36 inches (915 mm) maximum above the finished floor measured to the top of the gripping surface. Grab bars are required to be installed in a horizontal position 18 inches (455 mm) minimum and 27 inches (685 mm) maximum above the finished floor measured to the top of the gripping surface.

v. As to Defendant Sofia (lessee/operator) and Defendant 8 Street Shopping Center (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted too high from the finished floor. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 and 609.4 of the 2010 ADA Standards for Accessible Design. Section 609.4 states that grab bars shall be 36 inches (915 mm) maximum above the finished floor measured to the top of the gripping surface. Grab bars are required to be installed in a horizontal position 18 inches (455 mm) minimum and 27 inches (685 mm) maximum above the finish floor measured to the top of the gripping surface.

vi. As to Defendant Sofia (lessee/operator) and Defendant 8 Street Shopping Center (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

vii. As to Defendant Sofia (lessee/operator) and Defendant 8 Street Shopping Center (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink is mounted too high. The lavatory sink is mounted over the required height to the top of the counter above the finished floor in violation of the requirements in Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface no higher than 34 in (865 mm) above the finished floor. This is also a violation of Sections 606.3 and (as related to the faucet within that sink) of the 2010 ADA Standards for Accessible Design. Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34 in above the finished floor.

viii. As to Defendant Sofia (lessee/operator) and Defendant 8 Street Shopping Center (owner/lessor) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink outside the stall which does not have completely wrapped

bottom sink pipes, therefore there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

32. Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendants are required to make the Subway restaurant commercial space located at 2962 SW 8 Street accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the community shopping center and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the commercial property owner Defendant 8th Street Shopping Center LLC and Defendant Sofia Subway Corp. (the operator of the Subway restaurant located within that community shopping center) and requests the following relief:

 a) The Court declare that Defendants have violated the ADA;

 b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

 c) The Court enter an Order requiring Defendants to alter the community shopping center and the Subway restaurant located therein such that all areas are

accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 5th day of July 2022.

                                        Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*