## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**Case 1:22-cv-22030-BB**

JESUS GONZALEZ,

     Plaintiff,

v.

SOFIA SUBWAY CORP.
d/b/a Subway #52931 at 2962 SW 8 Street
and 8TH STREET SHOPPING CENTER LLC,

     Defendants.

_____/

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

COMES NOW Defendant, SOFIA SUBWAY CORP. d/b/a Subway #52931 at 2962 S.W. 8th Street ("Sofia Subway Corp." or "Defendant"), a Florida limited liability company, and files its Answer and Affirmative Defenses to the subject Complaint as follows.

1. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendant admits that Plaintiff purports to seek injunctive and declarative relief, attorneys' fees, litigation expenses and costs but denies his entitlement to same in this case.

2. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendant admits Allegation 1 of the Complaint to the extent that this Court had jurisdiction over the parties but denies this Court has subject matter jurisdiction, when the Complaint was originally filed.

3. Allegation number 2 is admitted.

4. Allegation number 3 is admitted.

**BALES SOMMERS & KLEIN, P.A.**
ONE BISCAYNE TOWER ♦ 2 SOUTH BISCAYNE BOULEVARD ♦ SUITE 1881 ♦ MIAMI, FLORIDA 33131
TELEPHONE (305) 372-1200 ♦ FACSIMILE (305) 372-9008

5.        Allegation number 4, no knowledge therefore denied.

6.        Allegation number 5, no knowledge therefore denied.

7.        Allegation number 6 is admitted.

8.        Allegation number 7, no knowledge therefore denied.

9.        Allegation number 8 is admitted.

10.        Allegation number 9 seeks a legal opinion and is therefore denied as phrased.

11.        Allegation number 10, no knowledge therefore denied.

12.        Allegation number 11 seeks a legal opinion and is therefore denied as phrased.

13.        Allegation number 12 seeks a legal opinion and is therefore denied as phrased.

14.        Allegation number 13, no knowledge therefore denied.

15.        Allegation number 14 is denied.

16.        Allegation number 15 is denied.

17.        Allegation number 16 is denied.

18.        Allegation number 17 is denied.

19.        Allegation number 18. no knowledge therefore denied.

20.        Allegation number 19  is denied.

21.        Allegation number 20 is denied.

22.        Allegation number 21 is denied.

23.        Allegation number 22 is denied.

**BALES SOMMERS & KLEIN, P.A.**
ONE BISCAYNE TOWER ♦ 2 SOUTH BISCAYNE BOULEVARD ♦ SUITE 1881 ♦ MIAMI, FLORIDA 33131
TELEPHONE (305) 372-1200 ♦ FACSIMILE (305) 372-9008

24.     Allegation number 23, no knowledge therefore denied.

25.     Allegation number 24 seeks a legal opinion and is therefore denied as phrased.

26.     Allegation number 25 seeks a legal opinion and is therefore denied as phrased.

27.     Allegation number 26 is denied.

28.     Allegation number 27 is denied.

29.     Allegation number 28 is denied.

30.     Allegation number 29, no knowledge therefore denied.

31.     Allegation number 30, a legal opinion and is therefore denied.

32.     Allegation number 31 and all sub-parts, no knowledge therefore denied.

33.     Allegation number 32 requires a legal opinion and is therefore denied.

34.     Allegation 33 requires a legal opinion and is therefore denied

35.     All other allegations of the Complaint not mentioned above are hereby denied.

Further Answering the Plaintiff's Complaint and as separate Affirmative Defenses, Defendant, alleges as follows.

### FIRST AFFIRMATIVE DEFENSE

Defendant, Sofia Subway Corp, has already corrected or is in the process of correcting all of the alleged non-ADA compliant conditions which were alleged to exist in Plaintiff's complaint.   Accordingly, this case or controversy has become MOOT, and the Court lacks subject matter jurisdiction thus mandating dismissal of Plaintiff's action.

**BALES SOMMERS & KLEIN, P.A.**
ONE BISCAYNE TOWER ♦ 2 SOUTH BISCAYNE BOULEVARD ♦ SUITE 1881 ♦ MIAMI, FLORIDA 33131
TELEPHONE (305) 372-1200 ♦ FACSIMILE (305) 372-9008

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's single alleged entry into the place of public accommodations operated by the Defendant Sofia Subway Corp does not automatically entitle him to a presumption he was injured by any and all of the complaints he raises against Defendant in his complaint.  In fact, Plaintiff has no knowledge that Plaintiff ever visited the Defendant, Sofia Subway Corps business premises as he never requested any assistance or complained to management about the violations alleged in the Complaint. If Plaintiff did visit the business premises of Defendant, Sofia Subway Corp, he only visited the premises occupied by this Defendant, Sofia Subway Corp, once, and only to inspect same for the purposes of filing litigation; no complaint was raised by Plaintiff to management concerning any ADA violation, or other request for assistance.  Defendant does not believe Plaintiff used the restroom, but only examined same for the purposes of litigation.  A single visit to the Defendant Sofia Subway Corp's accommodations fails to demonstrate any actual injury was sustained.

## THIRD AFFIRMATIVE DEFENSE

The Defendant Sofia Subway Corp's place of business meets or exceeds its obligations under the Americans with Disabilities Act.

## FOURTH AFFIRMATIVE DEFENSE

The violations identified by the Plaintiff in its Complaint are not violations of the ADA because the conditions are temporary and not permanent and did not interfere with the Plaintiff's purported access to the various areas of the Defendant Sofia Subway Corp's place of business. Specifically, allegation 14, 26, 31, i, ii, iii, iv, and v, are mere conclusions, and personal to this Plaintiff only, when in fact the business premises meets all ADA standards. Had Plaintiff

**BALES SOMMERS & KLEIN, P.A.**
ONE BISCAYNE TOWER ♦ 2 SOUTH BISCAYNE BOULEVARD ♦ SUITE 1881 ♦ MIAMI, FLORIDA 33131
TELEPHONE (305) 372-1200 ♦ FACSIMILE (305) 372-9008

requested removal of the few small items (which Plaintiff did not) which Plaintiff alleges were on the floor, same would have been forthwith removed by Sofia Subway Corp.  Furthermore, Plaintiff never entered the restroom for purposes of using the restroom only to inspect same for the purposes of litigation.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff lacks standing to bring this action as to any requirement which is not designed to provide accommodation based upon his particular disability

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to allege with any specificity which portions of the Defendant Sofia Subway Corp's property he claimed constituted barriers.   General allegations by the Plaintiff, he visited the premises and intends to visit again without any specificity as to which portions of the accommodations constituted barriers, do not establish standing to sue.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff had available remedies and compliance procedure available to him when visiting this Defendant Sofia Subway Corp's premises or through other administrative means, which did not require filing a lawsuit and incurring legal fees and attempting to seek damages in another filing with Miami-Dade County.   Accordingly, Plaintiff has failed to mitigate any harm he claimed to have suffered and is estopped from any relief sought from this Defendant including an award of attorney's fees and costs.

**BALES SOMMERS & KLEIN, P.A.**
ONE BISCAYNE TOWER ♦ 2 SOUTH BISCAYNE BOULEVARD ♦ SUITE 1881 ♦ MIAMI, FLORIDA 33131
TELEPHONE (305) 372-1200 ♦ FACSIMILE (305) 372-9008

## EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that it is not liable for barriers to access on property that it does not have control over.

## NINETH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff lacks standing to file this action pursuant to Article III of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has no standing to bring forth a complaint based upon alleged barriers to access of which he was unaware at the time of filing the Complaint, which he did not actually encounter and/or which are not specifically alleged in Plaintiff's Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's preference for expensive litigation, rather than alternative means of dispute resolution, is inconsistent with and contrary to the intent of the ADA and is, therefore, contrary to principles of equity. In other words, those who seek equity must do equity. McQuiddy v. Ware, 87 U.S. 14 (1873); In Re MacNeal, 393 B.R. 805 (S.D. Fla. 2008). Further, an award of attorneys' fees by the Court is discretionary. 42 U.S.C. § 12205. The Court has the discretion to deny or limit fees as equity demands and particularly where litigation under the ADA is unnecessary or made unnecessarily complex or lengthy by Plaintiff. Association of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357 (11th Cir. 2006); Jones v. Eagle-North Hills Shopping Center, L.P., 478 F. Supp. 2d 1321 (E.D. Okla. 2007). Should Plaintiff prevail, attorneys' fees should be denied for failure to provide Defendant with: (i) notice of the alleged violations; and (ii) a reasonable opportunity to cure such violations before incurring

**BALES SOMMERS & KLEIN, P.A.**
ONE BISCAYNE TOWER ♦ 2 SOUTH BISCAYNE BOULEVARD ♦ SUITE 1881 ♦ MIAMI, FLORIDA 33131
TELEPHONE (305) 372-1200 ♦ FACSIMILE (305) 372-9008

litigation expenses and attorney fees. See Macort v. Checker Drive-In Restaurants, Inc., No. 8:03-CV-1328-T-30EAJ, 2005 WL 332422, at *1 (M.D. Fla. Jan. 28, 2005).

## <u>RESERVATION OF RIGHTS</u>

Defendant reserves the right to amend and/or supplement its Answer and Affirmative Defenses and/or to assert additional defenses upon the particularization of Plaintiff's claims, upon discovery and review of additional documents and information, and upon the development of other pertinent facts as discovery progresses.

WHEREFORE Defendant, SOFIA SUBWAY CORP. d/b/a Subway #52931 at 2962 S.W. 8th Street, prays this Honorable Court Dismiss the Complaint with prejudice in its entirety, deny Plaintiff an award of attorney fees and costs,  award Sofia Subway Corp., its costs, attorney's fees, and any other relief the Court may deem appropriate.

DATED this 30th day of August, 2022.

Respectfully submitted,

> **BALES, SOMMERS & KLEIN, P.A.**
> *Counsel for the Defendants, SOFIA SUBWAY CORP. d/b/a Subway #52931 at 2962 SW 8 Street and 8th Street Shopping Center LLC*
> 2 S. Biscayne Blvd., Suite 1881
> Miami, Florida 33131
> Telephone:     305-372-1200
> Facsimile:      305-372-9008
> Primary E-mail: jklein@bsklawyers.com
> Secondary E-mail: rbalesjr@bsklawyers.com
>
> By:    */s/Jason Klein*
>          Jason Klein, Esq.
>          Florida Bar No.: 129097
>
>          and

**KLEIN AND FORTUNE, P.A.**
*Co-Counsel for the Defendant, Ponce Subway*
*Corp., d/b/a/ Ponce de Leon Properties L.C.*
4340 Sheridan Street, Suite 102
Hollywood, Florida 33021
Broward Telephone: (954) 986-8822
Facsimile: (954) 986-7919
Miami-Dade Telephone: (305) 891-6100
E-mail: rklein@kleinandfortune.com
           dplasencia@kleinandfortune.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 30th day of August, 2022, a true and correct copy of the foregoing has been electronically filed and served using the Florida Courts E-Filing portal on all counsel of record identified on the Service List.

*/s/Jason Klein*
Jason Klein, Esq.

## SERVICE LIST

J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
*Counsel for the Plaintiff, Jesus Gonzalez*
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com

**BALES SOMMERS & KLEIN, P.A.**
ONE BISCAYNE TOWER ♦ 2 SOUTH BISCAYNE BOULEVARD ♦ SUITE 1881 ♦ MIAMI, FLORIDA 33131
TELEPHONE (305) 372-1200 ♦ FACSIMILE (305) 372-9008